UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:___3/8/22_____            │
└─────────────────────────────────────┘
```

-------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,                          :
                                                 :
                              Plaintiff,          :
                                                 :
          -against-                              :                  21-CV-7014 (VEC)
                                                 :
JOHN DOE subscriber assigned IP address          :                  OPINION & ORDER
108.14.233.3,                                    :
                                                 :
                              Defendant.          :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        Plaintiff Strike 3 Holdings, LLC ("Strike 3") has sued Defendant John Doe, who has been

identified only by his alleged Internet Protocol ("IP") address, 108.14.233.3, for direct copyright

infringement pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*.  John Doe, appearing *pro

se*, moves to quash a third-party subpoena that Plaintiff has served on Defendant's Internet

Service Provider ("ISP") in order to obtain Defendant's name and address.  For the following

reasons, Defendant's motion to quash is DENIED.


                                         **BACKGROUND**

        Strike 3 is a Delaware-based limited liability company that owns and produces adult

motion pictures that it distributes through its four websites, *Blacked*, *Tushy*, *Vixen*, and *Blacked

Raw*.  Compl., Dkt. 1 ¶¶ 2–3, 14.   Strike 3's websites operate on a subscription-based model.  *Id*.

¶ 16.  Strike 3 has been subject to large-scale internet piracy whereby individuals, using a system

called BitTorrent, are able to download pirated versions of Strike 3's adult films for free and

disseminate those pirated films throughout the internet.  *Id*. ¶¶ 20–29.  BitTorrent allows users to

operate anonymously, revealing only their IP address.  Pl. Response, Dkt. 11 at 2.

To combat this piracy, Strike 3 owns and operates its own infringement detection system, VXN Scan. Compl. ¶ 30. VXN Scan allows Strike 3 to ascertain the IP addresses to which pirated versions of their materials are downloaded using BitTorrent. *Id*. ¶¶ 30–38. Using VXN Scan, Plaintiff allegedly discovered that IP address 108.14.233.3 had accessed the BitTorrent network and illegally downloaded and distributed Strike 3's copyrighted films. *Id*. ¶¶ 31–46. Using a third party's IP address geolocation technology, Plaintiff traced IP address 108.14.233.3 to the general location of New York City, within the Southern District of New York. *Id*. ¶¶ 9–12.

With that information in hand, on August 19, 2021, Strike 3 commenced this action against John Doe, the unknown individual assigned to IP address 108.14.233.3, invoking subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338. *See* Compl., Dkt. 1. The Complaint alleges one cause of action: direct copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*. *Id*. ¶¶ 1–6. Plaintiff alleges that Defendant used the BitTorrent file distribution network to infringe Strike 3's copyrights by illegally downloading its videos. *Id*. ¶ 31. Strike 3 seeks statutory damages, attorneys' fees, and costs pursuant to the United States Copyright Act, 17 U.S.C. § 501 *et seq*. *Id*. ¶ 49.

At the time Plaintiff filed its suit, it did not know the true name or specific address of Defendant; it only knew his IP address. Pl. Mem., Dkt. 7 at 1. Thus, on August 25, 2021, Strike 3 filed a motion for leave to file a third-party subpoena on the internet service provider associated with Defendant's IP address, Verizon Fios ("Verizon"), as a means of determining the true name and address of the person to whom Verizon assigned the IP address in question. *See* Mot. For Third-Party Subpoena, Dkt. 6 at 1. On August 26, 2021, the Court granted Plaintiff's motion for leave to serve a third-party subpoena on Verizon in order to ascertain Defendant's

true name and address.  *See* Order, Dkt. 8 at 1–2.  The Court added a protective order permitting

Defendant to proceed as "John Doe" in the action unless and until the Court orders otherwise.

*Id*. at 2.  Defendant was notified of the subpoena by Verizon Fios, and on September 13, 2021,

he filed a motion to quash pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure.

Mot. to Quash, Dkt. 9.  Strike 3 opposes the motion.  Pl. Response at 3.

## DISCUSSION

### I.   Legal Standard

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for the production

of documents and other information from a non-party.  *See* Fed. R. Civ. P. 45(a)(1).  Under Rule

45(d), the subpoena recipient may move to quash or modify the subpoena if the subpoena "(i)

fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the

geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other

protected matter, if no exception or waiver applies; or (iv) subjects a person to undue

burden."  Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv).  "[T]he burden of persuasion in a motion to quash a

subpoena . . . is borne by the movant."  *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44,

48 (S.D.N.Y. 1996) (citations omitted).  The same standards apply when, as in this case, a person

other than the subpoena recipient moves to quash the subpoena.  *See Malibu Media, LLC v. Doe*,

No. 15-CV-3504, 2016 WL 4444799, at *5–*6 (E.D.N.Y. 2016) (collecting cases).

### II.   Defendant's Motion to Quash

Defendant asserts two grounds for quashing Plaintiff's third-party subpoena.  Mot. to

Quash at 2.  First, he denies illegally downloading Strike 3's videos himself, asserting that

neighbors, sub-tenants, and visitors have access to his internet connection.  *Id*.  Second, he

asserts that Strike 3 is a "copyright troll" whose goal is to "use the legal system to extort money by threatening to expose people for downloading pornography." *Id.*

Defendant's arguments are not appropriate for consideration at this juncture. It is well-established that "the merits of [a party's] case are not relevant to the issue of whether [the party's] subpoena is valid and enforceable." *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1–4577*, 736 F. Supp. 2d 212, 215–16 (D.D.C. 2010); *see also* Handbook of Fed. Civ. Disc. & Disclosure § 1:30 (4th ed. 2018) ("[D]iscovery should not be denied because it relates to a claim or defense that is being challenged as insufficient."); *Voltage Pictures, LLC v. Does 1–5000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of liability . . . is not a basis for quashing" a subpoena). Rather, a subpoena may seek any information that is "relevant to [a] party's claim or defense," regardless of the merits of those claims or defenses. Fed. R. Civ. P. 26(b)(1); *see also Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010); *During v. City Univ. of N.Y.*, No. 05-CV-6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006); 9 Moore's Fed. Prac.: Civ. § 45.03 (2018). Put differently, a subpoena may seek information on "any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *1 (E.D.N.Y. May 11, 2010) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also MacCartney v. O'Dell*, No. 14-CV-3925, 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)) ("It is well-established within this Circuit that the rule of discovery will be satisfied if there is 'any possibility' that the information sought to be obtained may be relevant to the subject matter of the action."); 6 Moore's Fed. Prac.: Civ. § 26.42 ("[D]iscovery should

ordinarily be allowed under the concept of relevancy unless it is clear that the information sought

has no possible bearing on claims and defenses of the parties.").

Applying these principles, Strike 3's subpoena clearly seeks relevant information.  First,

obtaining Defendant's name and address will allow Strike 3 to serve Defendant with the

Complaint and a summons.  That, in turn, will enable Defendant to file a motion to dismiss, if he

chooses, in which he can raise the same arguments that he attempts to raise here, *see* Fed. R. Civ.

P. 12(b)(6), or to answer the Complaint.  Additionally, obtaining Defendant's name and address

will allow Strike 3 to investigate whether, in fact, individuals other than Defendant had access to

his IP address.  As another court in this District stated when addressing a similar argument:

> To be sure, there is a "risk of false positives," in that [Plaintiff] cannot say with certainty
> that Defendant was the infringer, but identifying Defendant is a necessary step in making
> that determination.  And as other courts have recognized, Defendant will be free to argue
> that he was not the actual infringer at "the appropriate time" in this litigation.

*Malibu Media, LLC v. Doe*, No. 15-CV-3147, 2016 WL 5478433, at *4 (S.D.N.Y. Sept. 29,

2016) (citations omitted) (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241

(S.D.N.Y. 2012), and *Malibu Media, LLC v. Doe*, No. 15-CV-2624, 2015 WL 6116620, at *4

(S.D.N.Y. Oct. 16, 2015)).

District courts in this Circuit have repeatedly allowed copyright holders to subpoena

internet service providers to obtain the identity of the subscriber of an IP address associated with

infringing activity.  *See, e.g.*, *Malibu Media*, 2016 WL 5478433 at *4.  Whether Defendant

ultimately has viable defenses to Plaintiff's claim is irrelevant for purposes of the instant motion

to quash and does not affect Plaintiff's ability to obtain the discovery it seeks.  *Malibu Media,*

*LLC v. Doe*, No. 14-CV-4808, 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) (collecting

cases).  The possibility, as advanced by Defendant, that other parties are responsible for the

infringing conduct "does not preclude a finding that the plaintiff has established a *prima facie* claim of copyright infringement" for purposes of obtaining a subpoena. *Malibu Media,* 2016 WL 4444799 at *8 (collecting cases).  While Defendant's argument that a third party downloaded and distributed the copyrighted materials may be advanced later as a defense, "it does not constitute a reason to quash the subpoena, because '[o]btaining [Defendant's] contact information is the logical first step in identifying the correct party.'"  *Malibu Media, LLC v. John Doe*, No. 15-CV-7788, 2016 WL 1651869, at *4 (S.D.N.Y. Apr. 26, 2016) (quoting *Malibu Media, LLC v. Doe*, No. 15-CV-1834, 2015 WL 4403407, at *3 (S.D.N.Y. July 20, 2015)).

Defendant also argues that Strike 3 is a "copyright troll" whose goal is to "use the legal system to extort money by threatening to expose people for downloading pornography."[1]  Mot. to Quash at 2.  Although numerous courts in this Circuit have pointed out that copyright holders such as Plaintiff are repeat litigants who have, in the past, engaged in "abusive litigation practices,"[2] this Court has seen nothing untoward in how Strike 3 has proceeded in this case.  In any event, the Court must balance Defendant's privacy rights, which are minimal if he has, in fact, infringed Plaintiff's copyrights, against Plaintiff's interests in protecting its copyrighted material from infringement.  That interest is not lessened by the salacious content of the material.  Here, "in the absence of the ability to subpoena the ISP, the Plaintiff will be unable to

---

[1]    One Court has described a copyright troll as an entity "focused [more] on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service. A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim."  *McDermott v. Monday Monday, LLC*, 17-CV-9230, 2018 WL 5312903 at *2 (S.D.N.Y. Oct. 26, 2018) (internal citations and quotations omitted).

[2]    *See, e.g.*, *Digital Sins, Inc. v. John Does 1–245*, No. 11-CV-8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); *Malibu Media, LLC v. Doe*, No. 15-CV-4369, 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015); *In re Malibu Media Adult Film Copyright Infringement Cases*, No. 15-CV-1855, 2015 WL 3605834, at *3 (E.D.N.Y. June 8, 2015); *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237 (E.D.N.Y. 2012); *Malibu Media, LLC v. Does 1–5*, No. 12-CV-2950, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012).

identify and serve Defendant, effectively terminating the litigation." *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2651, 2018 WL 2229124, at *2 (S.D.N.Y. Apr. 25, 2018).  In the Court's view, that result would be unfair, given the possibility that Defendant has infringed Plaintiff's copyright and caused Plaintiff injury.

The Court believes that the protective order that is in place has fairly balanced Plaintiff and Defendant's interests.  The Court has allowed Defendant to proceed anonymously, has ordered Plaintiff not to initiate settlement negotiations until the Complaint has been properly served, and has prohibited Plaintiff from obtaining any information from Defendant's ISP other than Defendant's name and address.  *See* Order, Dkt. 8. These measures will enable Plaintiff's lawsuit to move forward, while limiting the risk that Defendant will be unfairly coerced into a settlement.  *See Malibu Media, LLC v. John Does 1–5*, 285 F.R.D. 273, 278 (S.D.N.Y. 2012) ("The ability of a John Doe defendant to ensure that his name will not be publicly associated with the case removes much, if not all, of the leverage that a plaintiff would possess to unduly coerce him into settlement.").  To the extent that Defendant is not actually responsible for the infringement, his remedy — like that of every other falsely accused civil defendant — is simple: he can move to dismiss.  In the meantime, however, Plaintiff is entitled to use a narrow and focused tool of discovery to enable its case to proceed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to quash is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion at Docket 9.  The Court will mail a copy of this decision to Defendant John Doe.

**SO ORDERED.**

**Date:  March 8, 2022**
      **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

8